### In re DORN.
No. 65-160.

Florida Industrial Commission.
Unemployment Compensation Board of Review.

May 24, 1965.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review, J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on May 20, 1965, on claimant's appeal granted by the board of review, and was reviewed upon the record.

*Nature of previous decision:* The appeals referee affirmed a determination by the claims examiner which held claimant ineligible for benefits because not available for work for the period beginning November 29, 1964 through the date of the hearing, February 26, 1965.

*Findings of fact:* The claimant is thirty-four years of age. He was employed at Okeechobee, Florida, as a truck driver until August 1964, when he requested permission to go to Smithville, Tennessee on business, promising to return within two weeks. Claimant returned a short time later and was advised that he had been discharged. He thereafter returned to Smithville, Tennessee. From October 1964, when he registered for work, to about January 11, 1965, claimant made almost no effort to find work. Subsequent to January 11, 1965, claimant has made numerous contacts in an effort to find employment. The weekly-claim forms submitted to the commission by the claimant beginning on January 14, 1965, show not less than six employer contacts on each, and on February 26, 1965, at his hearing claimant submitted a list to the referee of some fifteen employer contacts.

Claimant was not available for work for the period beginning November 29, 1964 to January 13, 1965, inclusive.

Claimant was available for work and eligible for benefits from January 14, 1965, to the date of the hearing, February 26, 1965.

*Reasons for decision:* The Florida Unemployment Compensation Law provides that an individual shall be eligible to receive benefits with respect to any week only as the commission finds, among other things, that he is available for work. To be available for work, the individual must be in the active labor market, diligently seeking such work as he is capable of performing.

The record and evidence in this case clearly show that claimant made almost no effort to find work to and including January 13, 1965, but that beginning on January 14, 1965, claimant began a diligent search for work. The claimant's weekly-claim forms show that he has made not less than six employer contacts each week and on the date of the hearing, he submitted to the referee a list of some fifteen employer contacts which he had made. We must conclude from the record and evidence that claimant failed to meet the eligibility requirements to and including January 13, 1965, but that he has been available for work and eligible for benefits from January 14, 1965, to February 26, 1965, the date of the hearing.

*Decision:* The appeals referee's decision is modified to hold that claimant was ineligible for benefits because not available for work for the period beginning November 29, 1964, through January 13, 1965, inclusive, and that part of the referee's de-

cision is affirmed. Claimant was available for work and is entitled to benefits for the period beginning January 14, 1965 to February 26, 1965, and that part of the referee's decision, as such, is reversed. Eligibility with respect to all periods subsequent to February 26, 1965, will be determined by the claims examiner.